# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2007

Charles R. Fulbruge III
Clerk

No. 07-10095
Summary Calendar

JAMES JOHNSON

Plaintiff-Appellant

v.

SHERIFF DEE ANDERSON; CLASSIFICATION AGENTS FOR SHERIFF
DEE ANDERSON

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-384

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit
Judges.

PER CURIAM:[*]

James Johnson, Texas prisoner # 793518, appeals the district court's
dismissal of his pro se, in forma pauperis civil rights suit as frivolous and for
failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). For the reasons stated below, we AFFIRM.

Johnson filed a complaint under 42 U.S.C. § 1983, alleging that Tarrant County Sheriff Dee Anderson and his classification agents subjected him to cruel and unusual conditions of confinement in violation of the Eighth Amendment by housing him in a filthy, unsanitary administrative segregation cell for seven days before it was cleaned.[1] Johnson also alleged that the unnamed classification agents tried to prevent him from filing a lawsuit. The district court dismissed all of Johnson's claims. Johnson does not challenge the district court's dismissal of his claims against the unnamed defendants. Additionally, although he sets forth various allegations regarding his ability to file his civil rights complaint, he specifies that the only claim for this court to consider is his challenge to the conditions of his confinement in administrative segregation at the Tarrant County Corrections Center. As a result, his claims against the unnamed defendants and any assertion of a denial of access to the courts are deemed abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

This court reviews for abuse of discretion a district court's dismissal of a complaint as frivolous under either § 1915A(b)(1) or § 1915(e)(2)(B)(i). See Harper v. Showers, 174 F.3d 716, 718 & n.3 (5th Cir. 1999); Black v. Warren, 134 F.3d 732, 733 (5th Cir. 1998). We review de novo a district court's dismissal of a complaint for failure to state a claim under either § 1915A(b)(1) or § 1915(e)(2)(B)(ii). See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999); Black,

---

[1] Johnson alleges in his complaint that he was placed in administrative segregation on May 11, 2006 and that his cell was not cleaned for seven days. But he submitted with his complaint a copy of a prison grievance form he filed on May 14, 2006 that contains a response from a prison official stating that Johnson's cell was cleaned on May 16, 2006, his sixth day in the cell. Also, Johnson claims on appeal that his cell was cleaned on his sixth day in it. (Appellant's Brief at 9.)

134 F.3d at 734. This court may affirm a judgment upon any basis supported by the record. See Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998).

The district court did not err in dismissing Johnson's complaint because Johnson's conditions of confinement claim did not rise to an Eighth Amendment violation. "The Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995) (internal quotations omitted). A prisoner must satisfy a two-part test, consisting of an objective and a subjective component, to state a claim that the conditions of his confinement violated the Eighth Amendment. Davis, 157 F.3d at 1006. First, a prisoner must demonstrate the objective component of conditions "so serious as to deprive prisoners of the minimal measure of life's necessities, as when it denies the prisoner some basic human need." Harper, 174 F.3d at 720. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Davis, 157 F.3d at 1006 (internal quotations omitted). "Second, under a subjective standard, the prisoner must establish that the responsible prison officials acted with deliberate indifference to his conditions of confinement." Harper, 174 F.3d at 720.

Johnson's allegations failed to state a conditions of confinement claim. We need not decide whether Johnson has alleged facts that satisfy the objective component of an Eighth Amendment claim, because his allegations fail to demonstrate deliberate indifference by Anderson. A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Johnson does not allege that Anderson was aware of the conditions of his cell when he was placed in administrative segregation on May 11, 2006. Instead, Johnson

contends that he put Anderson on notice of these conditions when he sent him a letter on May 13, 2006. There is nothing in the record to indicate when Anderson received this letter. But Johnson acknowledges that three or four days after he sent the letter his cell was inspected, photographed, and cleaned by prison staff. He also alleges that on that same day Anderson and five ranking prison staff members toured the wing of the prison where he was housed and inspected cells there. Johnson specifically asserts that a prison official inspected his cell that day and reported back to Anderson about it.

Although the facts alleged by Johnson, if true, arguably demonstrate that Anderson was negligent by not remedying the situation more quickly, they are insufficient to demonstrate that he acted with deliberate indifference. See Farmer, 511 U.S. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence."). Johnson's allegations do not show that Anderson recklessly disregarded a substantial risk to his health by failing to take reasonable measures to fix the conditions in his cell. See Farmer, 511 U.S. at 836 ("[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk."). On the contrary, Johnson's own factual allegations demonstrate that reasonable measures were taken in response to his complaints: (1) Johnson's cell was cleaned, (2) prison officials inspected Johnson's cell, documented its condition by taking photos, and reported back to Anderson about it on the day it was cleaned, and (3) Anderson toured Johnson's wing of the prison and individual cells on the day it was cleaned. Although Johnson may have preferred a speedier response, a briefly delayed yet reasonable response does not constitute deliberate indifference. Cf. Bradley v. Puckett, 157 F.3d 1022, 1026 (5th Cir. 1998) (finding deliberate indifference by prison officials who "knowingly deprived [a prisoner] of sanitary conditions for approximately two months").

Because Johnson did not allege sufficient facts to establish that Anderson acted with deliberate indifference, he failed to state a conditions of confinement claim under the Eighth Amendment. Therefore, the dismissal of Johnson's complaint is AFFIRMED.