IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-40274
Summary Calendar

GERALD RAY BARROW

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CORRECTIONS CORRECTIONAL INDUSTRIES
MANUFACTURER OF TRAY/FOOD SERVICE MANAGERS

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CV-372

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Gerald Ray Barrow, Texas prisoner # 579954, filed a lawsuit pursuant to 42 U.S.C. § 1983 alleging that his Eighth Amendment rights had been violated because the food trays used at his prison were contaminated, cheaply made, and not stain resistant. The district court dismissed Barrow's complaint as frivolous pursuant to 28 U.S.C. § 1915A.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's dismissal of a complaint as frivolous is reviewed for abuse of discretion. Martin v. Scott, 156 F. 3d 578, 580 (5th Cir. 1998). A complaint is frivolous "'if it lacks an arguable basis in law or fact.'" Berry v. Brady, 192 F. 3d 504, 507 (5th Cir. 1999) (quoting Talib v. Gilley, 138 F. 3d 211, 213 (5th Cir. 1998).

Barrow's claim under the Eighth Amendment lacks merit. A prisoner must satisfy two requirements, consisting of an objective and subjective component, in order to establish a conditions-of-confinement claim under the Eighth Amendment. Davis v. Scott, 157 F.3d 1003, 1006 (5th Cir. 1998). Barrow admitted in the district court that he had not suffered any physical injury from the purportedly contaminated food trays and that he was not aware whether other inmates or staff suffered physical injury. He fails to assert, and the record does not reveal, any other facts that would otherwise support an objective finding that the condition of the prison trays qualifies as an "extreme deprivation[]." See id. Likewise, because there is no evidence that prison officials acted with deliberate indifference, Barrow cannot establish the subjective requirement. See Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999). Barrow has thus failed to show that the district court abused its discretion in dismissing his Eighth Amendment claims as frivolous.

Barrow also alleges that he was denied access to the courts because the defendants were not required to answer his claims. This claim is meritless. Section 1915A specifically allows for a dismissal prior to ordering a response from defendants. Barrow's two motions to supplement the record and his motion to allow attachments to the brief are denied.

Barrow's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it should be dismissed. See 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous as well as the district court's dismissal of the complaint each count as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383,

387-88 (5th Cir. 1996).  Barrow has previously accumulated two strikes.  See Barrow v. Tex. Dept. Corr. et al, No. C-04-496 (S.D. Tex. Oct. 17, 2006); Barrow v. Swisher County, No. C-04-455 (S.D. Tex. Mar. 16, 2005).  As Barrow has now accumulated at least three strikes, he may not proceed in forma pauperis in any civil action or appeal while incarcerated unless he "is under imminent danger of serious physical injury."  § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED; MOTIONS DENIED.