IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 11, 2007

Charles R. Fulbruge III
Clerk

No. 07-20164
Summary Calendar

JEREMY LEE CONLIN

                                 Plaintiff-Appellant

v.

BARBARA LANGE; SCOTT PAWGAN; JARROD LEE WALKER;
MARCIA TILLMAN, Individually, 9th District Court, Montgomery
County; RUSSELL SMITH; GOVERNOR RICK PERRY, Governor
of Texas; GREG ABBOTT, Attorney General of Texas; STATE OF
TEXAS; ERIC TAYCE BOND; APRIL KNUDSEN; MATTHEW PAUL

                                 Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-1817

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

    Jeremy Lee Conlin, Texas prisoner # 01293724, appeals the dismissal,
pursuant to 28 U.S.C. § 1915(e)(2)(B), as frivolous and for failure to state a claim
of his 42 U.S.C. § 1983 civil rights lawsuit.  The district court's dismissal is
reviewed de novo, accepting all of Conlin's allegations as true.  See

───────────

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005); see also Ashe v. Corley, 992 F.2d 540, 544 (5th Cir. 1993).

If his brief is liberally construed, Conlin renews his claims that his trial and appellate counsel were ineffective; that the State and the prosecution violated his constitutional rights in failing to maintain an open-file policy; and that Governor Perry violated his rights by failing to correct ambiguities in the Code of Criminal Procedure. He specifically waives any challenge to the dismissal of his claims against defendant Lange for allegedly filing a false report and against Tillman, Abbott, and Paul for malicious prosecution. Conlin also waives by failing to brief any argument challenging the dismissal of his claims against Texas and the Texas Legislature for violating his privacy rights and exposing him to vigilante justice by requiring him to register as a sex offender. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Conlin does not specifically renew his argument that the sex-offender-registration requirement violated the Double Jeopardy Clause, arguing instead that his claim arose under the Eighth Amendment. This court will not consider the newly raised claim. See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).

As the district court determined, Conlin's ineffective-assistance claims fail because court-appointed counsel are not state actors for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 324-25 (1981). The district court similarly correctly determined that Conlin's claim regarding the State's failure to maintain an open-file policy did not give rise to a constitutional violation. See Kyles v. Whitley, 514 U.S. 419, 437 (1995). Conlin's claims against Governor Perry arose exclusively under state law and thus likewise did not involve a constitutional violation. See Levitt v. Univ. of Texas at El Paso, 759 F.2d 1224, 1230 (5th Cir. 1985).

Conlin's lawsuit was properly dismissed. Because he has not shown that he could assert any viable claims if given an opportunity for additional factual

development, the district court did not err in dismissing the complaint without conducting an evidentiary hearing. See Eason v. Thaler, 14 F.3d 8, 10 (5th Cir. 1994).

The district court's judgment is AFFIRMED. Conlin's motion for the appointment of counsel is DENIED.