# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2009

Charles R. Fulbruge III
Clerk

No. 09-40286
Summary Calendar

JEREMY LEE CONLIN,

Plaintiff-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; TEXAS CORRECTIONAL INDUSTRIES, a Division of TDCJ-CID Logistics Division; BRAD LIVINGSTON, Individually and in his Official Capacity as Executive Director TDCJ-CID,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:08-CV-175

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jeremy Lee Conlin, Texas prisoner # 01293724, appeals the dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B), as frivolous and for failure to state a claim of his 42 U.S.C. § 1983 civil rights lawsuit asserting a violation of his Eighth Amendment rights as a result of having to sleep on an unsupportive mattress.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's dismissal is reviewed de novo, accepting all of Conlin's allegations as true. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Conlin contends that the dismissal of his complaint was error because he has stated a claim under the Eighth Amendment. He also seeks to raise, for the first time on appeal, new state-law tort claims for negligence and products liability, as well as a new claim for state-created danger under the Eighth Amendment. These newly raised claims will not be considered. *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000); *see also Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

An inmate must satisfy two requirements, consisting of an objective and subjective component, in order to establish a conditions-of-confinement claim under the Eighth Amendment. *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998). "[T]he deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measures of life's necessities." *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999) (internal quotation marks and citation omitted). "[E]xtreme deprivations are required" in order to meet the objective component of a conditions-of-confinement claim. *Davis*, 157 F.3d at 1006 (internal quotation marks and citation omitted). In order to satisfy the subjective component, the prisoner must establish that the defendants "acted with deliberate indifference to his conditions of confinement." *Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999) (footnote omitted).

Conlin's Eighth Amendment claim was properly dismissed because he did not allege facts establishing the objective component of a conditions-of-confinement claim. Although he argues that the loss of sleep he alleged demonstrated a deprivation of a basic human need, Conlin has not shown an egregious deprivation of a minimal life necessity that was so base or inhumane as to give rise to a constitutional violation. *See Palmer*, 193 F.3d at 352; *see also*

*Novak v. Beto,* 453 F.2d 661, 665-66 (5th Cir. 1971). Instead, Conlin complains of mere discomfort, which is insufficient. *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). The district court's judgment is affirmed.

The district court's dismissal of the instant lawsuit counts as a "strike" for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Conlin has one previous strike. *See Conlin v. Lange*, No. 07-20164 (5th Cir. 2007) (unpublished). Accordingly, Conlin is cautioned that if he accumulates three strikes under § 1915(g), he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; THREE-STRIKES WARNING ISSUED.