**Robert DAVIS, Plaintiff–Appellant,**

v.

**Wayne SCOTT, Director, et al., Defendants,**

v.

**UNIDENTIFIED DAWSON, Correction Officer III; Unidentified Crowder, Correction Officer, III, Defendants–Appellees.**

No. 97–41237.

United States Court of Appeals, Fifth Circuit.

Oct. 22, 1998.

Robert Davis, Huntsville, TX, pro se.

Jean Shieh Wong, Austin, TX, for Defendants–Appellees.

Before REYNALDO G. GARZA, JONES and DeMOSS, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant Robert Davis, a Texas prisoner, sued prison guards and their supervisors, alleging unconstitutional conditions of confinement in a crisis management cell at the Coffield Unit. After an evidentiary hearing, the magistrate judge dismissed with prejudice Davis's *pro se, in forma pauperis* complaint pursuant to 28 U.S.C. § 1915. We affirm the dismissal because Davis has failed to assert a claim cognizable under the Eighth Amendment.

I

On May 14, 1996, defendant Officers Dawson and Crowder took Davis to a "crisis management cell" for "throwing liquid substances on the officers." (*Spears* hearing transcript at 4.) Because the cell had no light and electrical wires were hanging from the outlet, Davis asked to be put in a different cell. The second management cell to which he was taken was, according to Davis, "just filthy," with "blood on the walls and excretion on the floors and bread loaf on the floor." (*Id.* at 5.) Although Davis complained about this cell as well, he was given cleaning supplies and kept in the cell for three days.

Davis's suit alleged that the conditions in the management cells "bring[ ] forth hatred and hostility," but the officers "are not trained to handle [the resulting] psyc[h]otic situations." (R. 4.) Davis sought punitive and psychological damages. He also asked that the management cells be abolished and that the staff be trained adequately "to deal

with and confront psyc[h]ological problems." (R. 3.)

Davis's case was transferred to a magistrate judge for pretrial purposes. At an evidentiary hearing held pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir.1985), Davis consented to proceed to final judgment before the magistrate judge. *See* 28 U.S.C. § 636(c). At this hearing, the magistrate judge reconfirmed Davis's allegations about the management cells. The magistrate judge did not specifically ask Davis whether he had suffered any physical injury due to the conditions of the management cells.[1] With an eye to *Thompkins v. Belt,* 828 F.2d 298, 303–04 (5th Cir.1987), the magistrate judge focused on the personal involvement of various defendants ranging from the ranking lieutenant for the day to the attorney general.

After the *Spears* hearing, the magistrate judge dismissed Davis's claims against all defendants except the two officers who placed Davis in the management cell. Davis does not appeal that decision.

After one of the remaining defendants filed an answer, the magistrate judge dismissed as frivolous all of Davis's claims because he had failed to allege a physical injury. In his memorandum opinion, the magistrate judge took note of medical records "provided by the prison system." (R. 59.) The records showed that Davis voiced no complaints to the nurses who passed by Davis's management cell on each of the days he was confined there.

In his appeal, Davis contends that the magistrate judge failed to ask him what injury he had suffered, and also that the magistrate judge improperly relied upon prison medical records to dispute his *Spears* hearing testimony. For the first time, on appeal, Davis argues that the nurses had passed by the management cells without waking him, that he was nauseous at the time, and that he would have needed to be "bleeding profusely [*sic*] to get medical attention" while in the management cells. (Appellant's Brief at 3.)

## II.

An *in forma pauperis* complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact. *See Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir.1997) (internal quotation omitted). We review the lower court's decision to dismiss under § 1915 for abuse of discretion. *See Siglar,* 112 F.3d at 191. The lower court may abuse its discretion by providing insufficient opportunity for the plaintiff to develop his claims. *See Eason v. Thaler,* 14 F.3d 8, 9 (5th Cir.1994).

## III.

The magistrate judge held that Davis's claim for psychological damages must meet the Prison Litigation Reform Act's requirement of physical injury: "No federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

We have maintained a distinction between an underlying Eighth Amendment claim and a claim for emotional suffering. *See Siglar,* 112 F.3d at 193–94. Nevertheless, this court may affirm a judgment upon any basis supported by the record. *See Sojourner T v. Edwards,* 974 F.2d 27, 30 (5th Cir.1992). The magistrate judge did not abuse his discretion in developing or dismissing Davis's complaint because Davis's claims did not rise to an Eighth Amendment violation.

This is quite a different thing from saying that the magistrate judge has a duty to interrogate the pro se plaintiff in such a way as to exhaust conceivable causes of action. The magistrate judge has no such duty. Instead, the *Spears* procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication

---

1. The appellees state that "there is no indication that the court failed to ask him about his injuries" (Appellees' Brief at 3), but the transcript of the *Spears* hearing demonstrates that Davis was not asked about his injuries.

more comfortable to many prisoners. But the plaintiff remains the master of his complaint and is, in the end, the person responsible for articulating the facts that give rise to a cognizable claim. Davis never alleged physical injury.

Like other Eighth Amendment claims, a conditions-of-confinement claim must satisfy tests for both objective and subjective components. *See Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). For the objective component, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.* at 9, 112 S.Ct. at 1000. We need not reach the subjective component because Davis's claim does not objectively demonstrate a sufficiently extreme deprivation.

Davis did not suffer an extreme deprivation of any "minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 304, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991). The Supreme Court has noted that "the length of confinement cannot be ignored.... A filthy, overcrowded cell ... might be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v. Finney*, 437 U.S. 678, 686–87, 98 S.Ct. 2565, 2571, 57 L.Ed.2d 522 (1978). Davis was confined in the management cell for only three days. *Cf. Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir.1996) (no Eighth Amendment violation when prisoner was exposed for four days to raw sewage from an overflowed toilet in his cell). Furthermore, cleaning supplies were made available to Davis, mitigating any intolerable conditions. *See Shakka v. Smith*, 71 F.3d 162, 167–68 (4th Cir.1995) (no Eighth Amendment injury when prisoner was given water and cleaning supplies but denied a shower for three days after having human excrement thrown on him); *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994) ("intolerable conditions lasted not more than 24 hours before the availability of adequate cleaning supplies could make them tolerable").

Regardless of his claim on appeal to have been nauseous, Davis has not alleged the sort of "deprivation of facilities for elementary sanitation" that we have observed gives rise to unconstitutional confinement. *See Daigre v. Maggio*, 719 F.2d 1310, 1312 (5th Cir. 1983).

## IV.

Because the magistrate judge adequately developed the record and Davis failed to allege a sufficiently extreme deprivation to make out a conditions-of-confinement claim, the dismissal of Davis's complaint is AFFIRMED.

AFFIRMED.