IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60509
Conference Calendar
_____

JOHN JOSEPH DEDEAUX, SR.,

Plaintiff-Appellant,

versus

CAPTAIN BANNISTER; SHERRIE PHILLIPS; EMMITT L. SPARKMAN, Warden;
JUSTIN HALL; TODD GUELKER; PAULA GUELKER; E. G. NEALS; VERA
SPEARS; WILLIAM PERRY; LIONEL SIMON; WILLIE GILLOM; JACKIE MOORE;
JACQUELINE SIMS; RONALD WILLIAMS; SALLY SPENCER; DAVID HELMIC;
JOHN SMITH; SHERMAN BUFORD; DOCTOR WELCH,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:97-CV-159-S-A
- - - - - - - - - - -

June 15, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Mississippi prisoner John Dedeaux, No. 93417, appeals from

the district court's dismissal as frivolous of his civil rights

complaint.  Dedeaux's complaint alleged that he suffered an

adverse reaction to medicine prescribed for a bladder infection

and that his attempts to file an administrative remedy procedure

(ARP) complaining of this problem were thwarted by unknown

persons; that, after defendant Todd Guelker filed false

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

disciplinary charges against him, Dedeaux was confined in a shower stall for several hours until a disciplinary cell became available; that his confinement in the shower stall exacerbated a congenital problem with his left knee; that he was denied appropriate medical treatment for his knee; and that he was required to perform work which was inconsistent with his medical limitations.

By failing to address in his appellate brief the problems related to his bladder infection, his inability to file an ARP, the allegedly false disciplinary charges filed by defendant Guelker, or the allegedly inappropriate work assignments he received, Dedeaux has abandoned these issues. See Yohey v. Collins, 985 F.2d 222, 223-24 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); FED. R. APP. P. 28(a)(9)(A).

Dedeaux does not suggest that his relatively brief confinement in the shower stall was cruel and unusual punishment per se, and this court has held that a short period of confinement under unpleasant conditions does not violate the constitution. See Davis v. Scott, 157 F.3d 1003, 1004-06 (5th Cir. 1998). Nothing in the record suggests that the defendants exhibited deliberate indifference to a serious medical problem when they confined Dedeaux in the shower stall. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Dedeaux received constitutionally adequate medical treatment. His disagreement with that treatment will not support a § 1983 claim. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

AFFIRMED.