IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-60343
Summary Calendar

---

CLYDE E. YOUNG,

Plaintiff-Appellant,

versus

JODY BRADLEY; LAWRENCE BOONE;
UNKNOWN CLARK; KAWAYNE MCGEE;
TRYMONE WILLIAMS,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:00-CV-61-BrS

---

November 26, 2002

Before GARWOOD, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Clyde E. Young, a Mississippi prisoner (#22355), appeals from
the magistrate judge's dismissal of his civil rights complaint
following a bench trial, the district judge, pursuant to the
written consent of all parties, having previously referred the case

---

[*]Pursuant to 5TH CIR. R.47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the magistrate judge for all further proceedings, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Young contends that the magistrate judge erred in entering judgment for the defendants as to the following claims: (1) the defendants subjected him to excessive force while transporting him from a segregation unit to a lockdown cell on August 26, 1999; (2) defendant Lawrence Boone was deliberately indifferent to Young's serious medical needs following the alleged beating; (3) the conditions in the lockdown cell violated Young's Eighth Amendment rights in that the cell had no lights for two days and no mattress for one night; and (4) defendant Warden Jody Bradley conspired with the other defendants to "cover up" the unconstitutional actions of August 26, 1999.

This court reviews findings of fact following a bench trial for clear error; legal conclusions are reviewed *de novo*. *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998) (bench trial conducted by magistrate judge). The burden of showing that the factual findings are clearly erroneous is heavier if, as in this case, the credibility of witnesses is a factor in the trial court's decision. *See Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000).

The magistrate judge's rejection of Young's excessive force claim was based almost entirely on his determinations that the

defendants were credible in testifying that they had not "dropped," hit, or kicked Young and that Young's description of a beating was less credible. Young has not attempted to refute these credibility determinations except to assert that he had never caused the defendants a "problem" before the alleged incident. *See Canal Barge Co.*, 220 F.3d at 375.

No error occurred with respect to the dismissal of the deliberate-indifference claim, because Young has never explicitly alleged and produced no evidence that defendant Boone *knew* that a nurse would likely not visit him on the evening following the alleged beating. Boone testified that he understood that the nurse's normal, routine rounds would take him or her to Young's cell that evening. *See Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994) (to act with deliberate indifference, prison official must know that inmate "face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"). Moreover, the magistrate judge was not clearly erroneous in accepting Boone's testimony that no one dropped, hit or kicked Young, that Boone did not see any blood on Young, that to Boone's knowledge Young was not "injured in any way," and that "he was at full health" when put in his cell.

The magistrate judge did not err in concluding that the "short period" during which Young was without lights and a mattress did not subject him to unconstitutional conditions of confinement. *See*

3

*Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998); *Hutton v. Finney*, 437 U.S. 678, 686-87 (1978).

Young's allegation that defendant Bradley conspired to "cover up" his subordinates' misdeeds is raised for the first time on appeal and will not be considered by this court. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

The judgment of the magistrate judge is

AFFIRMED.