IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2008

Charles R. Fulbruge III
Clerk

No. 05-30965
Summary Calendar

TOMMIE ANDERSON

Plaintiff-Appellant

v.

BUREAU OF PRISONS; ROBERT M TAPIA; HARLEY LAPPIN; US
DEPARTMENT OF JUSTICE

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:05-CV-255

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Tommie Anderson, federal prisoner # 24492-034, appeals the district court's dismissal of his civil rights complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). He contends that the district court abused its discretion when it dismissed his complaint as frivolous because federal prisoners are entitled to legal research materials for the state in which the federal prison is located, as well as for any state from which prior convictions are used to enhance federal sentences. Anderson argues that by failing to provide legal research materials

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for the states of Louisiana, North Carolina, California, and the District of Columbia, the Bureau of Prisons (BOP) deprived him of meaningful access to the courts and prevented him from challenging the unconstitutional prior state convictions used to enhance his federal sentence.

This court reviews a district court's dismissal of a complaint as frivolous under § 1915(e) for an abuse of discretion. Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). A district court may dismiss the claim of an inmate proceeding in forma pauperis "if it lacks an arguable basis in law or fact." Id. It appears that the district court's decision held that Anderson's claim had no arguable basis in law, as it adopted the magistrate judge's holding that Anderson "failed to allege any actual injury or prejudice" and did not "state a claim for an access to courts violation." "'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Id. (quoting Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998)).

Anderson, in his response to the court's request that he amend his complaint, alleged that he was in federal prison during the time that he could have challenged his prior convictions. Because the BOP did not provide him with access to state law books, he could not successfully challenge these convictions. He provided specific examples of other unsuccessful challenges, citing to a civil action that was dismissed because of his failure to exhaust administrative remedies. He stated, "Anderson had to forego appealing his civil action case in the 21st Judicial District of the State of Louisiana. Anderson did try to appeal the case once it was dismissed, but did not know the procedures. The appeals court did not acknowledge receiving any such appeal, and the District Court was non-responsive to Anderson's notice of appeal." The 21st Judicial District case involved a 28 U.S.C. § 2241 application requesting that he be transferred to a federal detention center in Amite, Louisiana, in order to attend a show cause hearing in state court; the case was construed as a civil

action and dismissed for failure to exhaust administrative remedies. Anderson alleges on appeal that he has now exhausted his administrative remedies.

In his pleadings before the district court, Anderson also alleged that he had civil actions before a court in Washington, D.C., and that by canceling its subscription to D.C. reporters, the BOP prevented him from "knowing what the current D.C. law was" for these actions. He alleged that he had "pending criminal charges, some related to this conviction" and that "the only possible defense" to his prior conviction is the use of "post conviction applications, which in many cases are without a lawyer."

Viewed in light of our requirement that pro se complaints be held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), and taking his claims together, Anderson sufficiently alleged that the BOP deprived him of the ability to file a non-frivolous challenge to his prior convictions. See Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis v. Casey, 518 U.S. 343, 351 (1996). Although it is unclear whether Anderson could successfully challenge any of his prior convictions, he also alleged more recent and ongoing challenges that have been unsuccessful, possibly due to the BOP's failure to provide books containing state law. Anderson has alleged the requisite actual injury. See Lewis, 518 U.S. at 351 (holding that to satisfy the actual-injury requirement, the inmate must demonstrate "that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.").

To the extent that Anderson argues that the frivolousness determination was not made by an Article III judge, his argument is without merit. Pursuant to 28 U.S.C. § 636(b), the case was referred to the magistrate judge for proposed findings of fact and recommendations. The ultimate disposition of the case, however, was by an Article III judge who conducted a de novo review of the case before adopting the magistrate judge's report and recommendation.

Finally, to the extent that Anderson challenges the constitutionality of the screening procedures set forth in § 1915(e), his argument is likewise without merit. See Martin v. Scott, 156 F.3d 578, 580 n.2 (5th Cir. 1998) (finding similar screening procedures to be of "unquestionable constitutionality").

Because Anderson brought a non-frivolous claim before the district court and alleged an injury, the district court abused its discretion in adopting the magistrate's findings and dismissing Anderson's case as frivolous. We therefore GRANT the motion and REVERSE for proceedings consistent with this opinion.