**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-30937
Summary Calendar

ARTHUR RAY ROBINSON

Plaintiff-Appellant

v.

SERGEANT UNKNOWN LAVALAIS; SERGEANT UNKNOWN CONNER; WARDEN BURL N CAIN; SECRETARY OF DEPARTMENT OF CORRECTIONS JAMES E LEBLANC

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-395

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Arthur Ray Robinson, Louisiana prisoner # 425796, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated by prison employees when he urinated on himself while being transported to attend his father's funeral. Robinson sought $5,000,000 in damages from each defendant. Robinson also sought injunctive relief requiring corrections employees to adhere

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to federal law, state law, and prison regulation in addressing a prisoner request to use the restroom. The district court found that notwithstanding his claims of discomfort, shame, and embarrassment, Robinson did not allege "that he sustained any injury or actual harm as a result" of the incident. The district court dismissed Robinson's lawsuit as legally frivolous under 28 U.S.C. § 1915.

On appeal Robinson argues that the district court erred in dismissing his claim as legally frivolous. This court reviews the dismissal of a complaint under § 1915(e)(2)(B)(i) as frivolous for abuse of discretion. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). This court reviews the dismissal of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim under the same de novo standard of review applicable to dismissals made pursuant to FED. R. CIV. P. 12(b)(6). *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Given the general reference to 28 U.S.C. § 1915(e) and to guarantee that Robinson's claims are reviewed under the strictest level of scrutiny available, the dismissal is construed to have referred to both sections of the statute, and review is de novo. *See Geiger*, 404 F.3d at 373.

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This limitation applies regardless of the nature of constitutional rights claimed to have been violated. *Geiger*, 404 F.3d at 374-75. This court has held that the physical injury required by § 1997e(e) "must be more than de minimus [sic], but need not be significant." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (citation omitted); *see Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (applying *Siglar* to an Eighth Amendment conditions-of-confinement case). Robinson has not alleged a physical injury either below or on appeal.

2

Robinson argues that the dismissal was premature because he was not given an opportunity to amend his complaint. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994). Given that Robinson has not alleged any physical injury, additional factual development could not help him plead his case. The district court did not err in dismissing the complaint after finding that Robinson's claim for damages was without a legal basis.

To the extent that Robinson is challenging the dismissal of his claim for injunctive relief, his allegations in the district court presented no legal basis for the grant of injunctive relief. Past exposure to illegal conduct, without any current, continuing adverse effects, is insufficient to establish a case or controversy for Article III purposes with respect to injunctive relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102-05 (1983); *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (holding that this court may affirm on any ground supported by the record).

The judgment of the district court is AFFIRMED.