**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-20354
Summary Calendar

DARRYL W BELL

Plaintiff - Appellant

v.

BRAD LIVINGSTON; RICK THALER; BEN RAIMER; UNIVERSITY OF
TEXAS TECH CORRECTIONS MANAGER; TEXAS DEPARTMENT OF
CRIMINAL JUSTICE DIRECTOR OF STATE CLASSIFICATION

Defendants - Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-1286

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Darryl W. Bell, Texas prisoner # 611583, moves for authorization to
proceed in forma pauperis ("IFP") on appeal. The district court dismissed Bell's
Section 1983 complaint and denied him leave to proceed IFP because he had, on
three or more prior occasions, pursued frivolous actions that were dismissed and
he had failed to establish imminent danger. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Bell has filed numerous claims in U.S. District Court, as summarized in the district court's opinion. Under the Prison Litigation Reform Act, an inmate such as Bell who has three "strikes" because of prior frivolous filings must either pay the filing fee for new litigation or demonstrate that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The underlying suit, filed in April 2008, brings claims under Section 1983 for Bell's being put at risk of "immediate serious physical injury by repeatedly allowing well known violent, aggressive, and bias[ed] black heterosexual enemies to physically and sexually abuse him." He seeks to receive a different classification and be moved to a different prison unit. Bell's complaint recounts a series of alleged civil rights violations by numerous prison employees, which resulted in him suffering a broken jaw, staph infection, broken vertebrae and other medical conditions.

The district court properly found that "imminent danger" is to be determined as of the time leave to sue or to appeal is sought. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Bell's complaint was "primarily about his classification at the Clements Unit, where he reportedly has been exposed to potential harm by gang members who have assaulted him in the past." The court found that the suit concerned the "conditions of his confinement" and he had not established that he was in imminent danger of serious physical harm.

The district court also determined that many of these same claims had been brought earlier in the Northern District of Texas, and dismissed. *See Bell v. Livingston*, 2008 WL 465260 (N.D. Tex. Feb. 21, 2008). The court concluded that Bell filed the current suit in the Southern District "in order to avoid the proper forum, which is the Northern District of Texas, Amarillo Division, where the Clements Unit is located," and that Bell sought to avoid the bar against further filings by creative pleading, which is prohibited. *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998).

Finally, the district court found that the defendants had no personal involvement with the alleged incidents and there was no causal connection between the claims and a policy enforced by the supervisory officials listed as defendants. Therefore, no liability could be imposed.

For all these reasons, the district court denied Bell's motion to proceed IFP. We examine the validity of the determinations.

The issue under Section 1915(g) solely involves whether Bell must pay the necessary fee before filing or whether he may wait until later to pay. *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Bell does not dispute that he has filed three or more previous lawsuits that were dismissed as frivolous; however, he asserts that he is in imminent danger of serious physical injury.

We examine whether the complaint fairly "alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). The district court interpreted Bell's complaint as primarily being one about classification, artfully cast as a claim of imminent danger to avoid the bar that has been raised to his repeated filings. As noted, there were other reasons for the dismissal. We find the most straightforward approach to analyze this appeal is to look at only one of those grounds. This is because we may affirm the district court on any ground that is supported by the record. *See Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

Even if the complaint passes the imminent danger requirement, it must still state a claim upon which relief may be granted. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982) (to proceed IFP on appeal prisoner must demonstrate financial eligibility as well as a nonfrivolous issue for appeal). Bell's complaint alleges violations of the Eighth Amendment and the Equal Protection Clause. He claims that prison officials failed to protect him from repeated sexual and physical assaults and denied him medical care.

Bell's lawsuit is against supervisory officials. A supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To hold supervisory officials liable, Bell must demonstrate either (1) the supervisor was personally involved in the constitutional deprivation or (2) there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Without personal participation in an offensive act, supervisory liability will exist only if the supervisor implements a policy "so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Id.* at 304 (quoting *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir. 1985)).

The pleadings do not demonstrate that the named defendants had any personal involvement with the allegations Bell raises. Further, his allegations do not show a sufficient causal connection between his claims and a policy enforced by the listed officials. The district court applied this legal analysis to Bell's claims and found them deficient. So do we.

Bell's motion for the appointment of counsel for purposes of this appeal is denied as is his motion for a temporary restraining order and/or injunction.

We AFFIRM the dismissal of Bell's complaint since he has failed to state a claim upon which relief may be granted.