# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 3, 2010

Charles R. Fulbruge III
Clerk

No. 09-20399
Summary Calendar

REYNALDO J. PEREZ,

Plaintiff–Appellant

v.

FRED ORMISTON, Owner; TEXAS INTERNATIONAL HARDWOODS &
VENEERS,

Defendants–Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-3221

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Reynaldo J. Perez, *pro se*, appeals the district court's dismissal with prejudice of his 28 U.S.C. § 1983 claim against Fred Ormiston and Texas International Hardwoods & Veneers ("Ormiston"). The district court held that Perez's claim was frivolous because it lacked an arguable basis in law and fact and failed to state a claim, and dismissed it with prejudice under 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1915(e)(2)(B). Because Perez's lawsuit raises no viable constitutional or federal claim against a state actor, we affirm.

Perez, a Texas Department of Corrections inmate, alleged that he suffered irreparable lung damage while working for Ormiston under the Prison Industry Enhancement Program, which permits prisoners to work for private employers in the prison's minimum security section. Perez's complaint alleged that during his employment, Ormiston exposed him and other prisoners to hazardous chemicals and wood dust. After prison medical staff diagnosed him with asthma and noted scarring in his lungs, Perez filed a § 1983 suit, alleging claims under both the federal and state Occupational Safety and Health Acts ("OSHA") as well as state law negligence and toxic tort claims.

The district court ordered Perez to show cause as to why he did not first exhaust his administrative remedies as required by 42 U.S.C. § 1997e. *See also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (stating that under the Prison Litigation Reform Act, "[p]risoners must now exhaust all 'available' remedies" before filing suit). Perez responded, arguing that because he filed the lawsuit against a non-state entity with no state authority, § 1997e did not apply, and he therefore did not need to exhaust his administrative remedies before filing his § 1983 suit. The district court then dismissed his § 1983 claim with prejudice for failing to state a claim against a state actor for a violation of a federal right, and declined to exercise supplemental jurisdiction over his state law claims. Perez appealed.

On appeal, Perez argues that the district court abused its discretion in various ways, and asserts that his case should proceed to discovery so that he may have the chance to prove that the state had vested sufficient authority in Ormiston so that the court may fairly consider him a state actor for purposes of § 1983. Perez's position clearly contradicts his unequivocal assertion to the district court that he had deliberately *not* sued any state actor or anyone with state authority. Perez may not now, for the first time on appeal, argue that

Ormiston is a state actor. *See Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 (5th Cir. 2009) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal.").

We review the district court's dismissal of Perez's suit as frivolous under 28 U.S.C. § 1915(e)(2)(B) for abuse of discretion. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Id.* "'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" *Id.* (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)).

The district court did not abuse its discretion when it dismissed Perez's § 1983 claim with prejudice. A plaintiff may only bring a § 1983 lawsuit against a state actor to enforce a constitutional right or a right created by a federal statute. *See generally Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) ("To state a cause of action under section 1983 the appellant must allege that the person who deprived him of a federal right was acting under color of law."). Not only has Perez previously unequivocally denied that Ormiston is a state actor, Perez has alleged no constitutional violation, and we have held that OSHA does not give rise to a private cause of action. *See Jeter v St. Regis Paper Co.*, 507 F.2d 973, 976–77 (5th Cir. 1975). Because 28 U.S.C. § 1367(c)(3) permits a federal court to decline to exercise supplemental jurisdiction over state law claims when the court has dismissed the claims over which it had original jurisdiction, we also hold that the district court did not abuse it discretion by declining to hear Perez's state law claims.

Accordingly, we affirm the district court's dismissal with prejudice of Perez's § 1983 claim under § 1915(e)(2)(B). Because Perez no longer has a pending federal court case, we also deny Perez's request for copies of his exhibits.

AFFIRMED.