# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2012

Lyle W. Cayce
Clerk

No. 11-40337
Summary Calendar

TARRANCE DARON WHITLOCK,

Plaintiff-Appellant

v.

CAPTAIN DAVID HUDSON, Warden, Telford Unit; SERGEANT STEPHEN G.
ROCKWELL, Compliance and Safety Officer; A. JENKENS, Compliance and
Safety Officer; R. VANN, Compliance and Safety Officer; C. ARMSTRONG,
Maintenance Supervisor; RICK THALER,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:10-CV-137

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Tarrance Daron Whitlock, Texas prisoner # 930799, appeals the district
court's grant of summary judgment and dismissal of his pro se, in forma
pauperis, 42 U.S.C. § 1983 complaint. Whitlock has also filed a motion with this
court for the appointment of counsel. In general, Whitlock claims that his
constitutional right to be free from cruel and unusual punishment has been

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

violated because the area where he is imprisoned has been infested with rodents and insects and that his toilet has had defective plumbing.

This court reviews a grant of summary judgment de novo. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). This court "construe[s] all facts and inferences in the light most favorable to the nonmoving party when reviewing grants of motions for summary judgment." *Dillon*, 596 F.3d at 266 (internal quotation marks and citation omitted). A factual dispute will preclude a grant of summary judgment if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-56 (1986). However, the movant need not negate the elements of the nonmovant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the movant meets his burden of demonstrating the absence of a genuine issue of material fact, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.* The nonmovant may not satisfy this burden by relying on conclusional allegations and unsubstantiated assertions. *Carnaby v. City of Houston,* 636 F.3d 183, 187 (5th Cir. 2011).

To establish an Eighth Amendment violation for conditions of confinement, a prisoner must show objectively that the alleged violation was sufficiently serious that it deprived him of the minimal level of life's necessities and subjectively that prison officials acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998). "[T]he deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measures of life's necessities." *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999) (internal quotation marks and citation omitted). To establish deliberate indifference, the prisoner must show that the defendant

was aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and that he actually drew an inference that such potential for harm existed. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

First, Whitlock challenges the district court's determination that the defendants are entitled to Eleventh Amendment immunity, contending that the Eleventh Amendment does not bar a suit for injunctive or declaratory relief. To the extent that Whitlock sued the TDCJ officials in their official capacity for monetary damages, the district court correctly determined that the Eleventh Amendment barred such claims. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). However, sovereign immunity is subject to an established exception through which a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law. *See Mayfield v. Texas Dept. of Criminal Justice*, 529 F.3d 559, 604 (5th Cir. 2008). Nonetheless, Whitlock's argument regarding this issue consists solely of conclusional and unsubstantiated assertions that he is entitled to injunctive or declaratory relief. Such assertions are insufficient to demonstrate error in the district court's grant of summary judgment regarding Eleventh Amendment immunity. *See Carnaby,* 636 F.3d at 187; *Little*, 37 F.3d at 1075.

Second, Whitlock argues that the defendants are not entitled to qualified immunity, yet he fails to address with any specificity the findings that were made by the district court within the context of the analysis set forth in *Saucier v. Katz*, 533 U.S. 194 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223 (2009). The general, unsupported argument that Whitlock has made in connection with issue two is insufficient to demonstrate error in the district court's grant of summary judgment. *See Carnaby,* 636 F.3d at 187; *Little*, 37 F.3d at 1075.

Third, Whitlock challenges the district court's determination that he failed to show that defendants Thaler, Hudson, or Vann had personally engaged in

misconduct. In Whitlock's case, because the defendants asserted qualified immunity, Whitlock bore the burden of overcoming that defense. *See Gates v. Texas Dep't of Protective and Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008). Whitlock's general allegations are insufficient to defeat the defense of qualified immunity, *see Ontiveros*, 564 F.3d at 382, especially in the context of Whitlock's claim that the defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment, which requires that the officials acted with deliberate indifference to his needs. *See Farmer,* 511 U.S. at 834-35; *Bradley*, 157 F.3d at 1025.

Fourth, Whitlock challenges the district court's determination that the defendants were not deliberately indifferent to his complaints about pests. The district court's specific findings on this issue include the determinations that the defendants attempted to appease Whitlock's concerns, that Rockwell's responses to Whitlock's grievances revealed that the issues were not overlooked, and that efforts were made to appease Whitlock. The documentary evidence submitted by the defendants, combined with Rockwell's affidavit, establish that Whitlock's concerns were not overlooked by prison staff. The evidence therefore supports the district court's determination that the defendants did not act with deliberate indifference to Whitlock's concerns. Fifth, Whitlock challenges the district court's conclusion that Armstrong did not act with deliberate indifference to Whitlock's complaints regarding plumbing problems. The record, which includes Armstrong's affidavit and documents regarding Whitlock's grievance of this issue, supports the district court's determination, that Armstrong was not deliberately indifferent to Whitlock's needs. In sum, Whitlock's general allegations regarding issues four and five are insufficient to defeat the defense of qualified immunity. *See Ontiveros*, 564 F.3d at 382; *Little*, 37 F.3d at 1075.

The foregoing analysis indicates that Whitlock's arguments lack merit, the case is not particularly complex, and Whitlock has not shown himself incapable of presenting his appeal. The appointment of counsel therefore is not warranted.

No. 11-40337

*See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991). Finally, this court has considered the request by the appellees that the court impose a 28 U.S.C. § 1915(g) strike. A § 1915(g) strike is not warranted in this proceeding.

For the foregoing reasons, the judgment of the district court is AFFIRMED. Whitlock's motion for the appointment of counsel is DENIED.