# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 25, 2013

Lyle W. Cayce
Clerk

No. 12-30567
Summary Calendar

UNITED STATES OF AMERICA,

> Plaintiff-Appellee,

v.

DERRICK BATES,

> Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-218-1

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Derrick Bates, federal prisoner # 31141-034, pleaded guilty to: (1) conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, and (2) possession of fifty grams or more of cocaine base with intent to distribute. After the enactment of the Fair Sentencing Act (FSA), the district court sentenced Bates to the pre-FSA statutory minimum sentence of 120-months imprisonment. Bates filed a 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence based on Amendment 750 of the Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines, which implemented the FSA. The district court denied the motion on the ground that Bates had received the statutory minimum sentence. Bates now seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his § 3582(c)(2) motion. By seeking leave to proceed IFP, Bates is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

Bates argues that the district court abused its discretion in denying his § 3582(c)(2) motion because the district court relied on the pre-FSA statutory minimum sentence, even though he was sentenced after the enactment of the FSA. *See Dorsey v. United States*, 132 S. Ct. 2321, 2335-36 (2012) (holding that the new statutory minimum sentences set forth in the FSA apply to defendants who committed their offenses prior to the enactment of the FSA but were sentenced after the enactment of the FSA). But Bates fails to account for the district court's other independent reasons for imposing a 120-month sentence. As the Statement of Reasons shows, the district court's grounds for imposing the sentence included the need: (1) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; and (4) to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(A)-(D). The district court further explained:

> [S]hould an Appellate Court or the Supreme Court consider the Fair Sentencing Act retroactive as to the statutory minimum sentence, *the 120 month sentence would be considered an upward variance due to the criminal history*. The defendant barely missed being considered a career offender.

(Emphasis added). These portions of the record show that the district court would not have sentenced Bates to less than 120 months, even if it used the

No. 12-30567

FSA's new mandatory minimum provisions.[1] Therefore, Bates's appeal does not involve "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)).

For the reasons above, we DENY Bates's motion for leave to proceed IFP and DISMISS his appeal as frivolous. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2; *cf. Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (recognizing that we may affirm the district court "upon any basis supported by the record").

---

[1] We note that we have upheld similar upward variances. *See, e.g.*, *United States v. Brantley*, 537 F.3d 347, 349–50 (5th Cir. 2008) (concluding that a defendant's lengthy criminal history justified the imposition of an upward departure or variance to 180 months, which was more than twice the maximum of the Guidelines range); *United States v. Smith*, 417 F.3d 483, 492–93 (5th Cir. 2005) (upholding as reasonable an upward departure from forty-one months to 120 months where the district court determined that the defendant's criminal history score did not adequately reflect the seriousness of his past conduct).