# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30464
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 16, 2017

Lyle W. Cayce
Clerk

CEASAR SHANNON,

 Plaintiff - Appellant

v.

DARREL VANNOY, Warden,

 Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-446

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

 Ceasar Shannon appeals the district court's dismissal of his 42 U.S.C. § 1983 suit alleging that Louisiana prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment. Because Shannon's allegations fail to constitute a claim of deliberate indifference under the Eighth Amendment, we AFFIRM.

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30464

I

For more than three years, Shannon was housed at Dixon Correctional Institute in a cell with a "large hole" in the ceiling that leaked water when it rained.    Shannon and other inmates made multiple complaints and maintenance requests to fix the hole.  Guards often placed five-gallon buckets on the floor to catch rainwater.  However, on May 28, 2014, rainwater leaked through the hole and onto the floor; when Shannon arose to go to the bathroom during the night, he slipped in a puddle and fell, sustaining injuries to his back, shoulder, and hip.

In July 2015, Shannon filed the instant § 1983 action in federal district court.  The lawsuit alleged that prison officials were aware of the hole in the ceiling but did nothing not fix it, demonstrating deliberate indifference to Shannon's health and safety and thereby violating his Eighth Amendment rights.  In October 2015, the State filed a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), arguing that inmate slip-and-fall cases are properly characterized as negligence claims and are thus not actionable under §1983.  The district court granted the motion, and this appeal followed.

II

We "review de novo a district court's grant or denial of a Rule 12(b)(6) motion to dismiss, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Hines v. Alldredge*, 783 F.3d 197, 200-01 (5th Cir. 2015).  A complaint is insufficient if it merely recites the elements of a cause of action.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Instead, a complaint must allege sufficient facts to show that the claims are facially plausible.  *Id.*

2

No. 16-30464

III

To determine whether prison officials' conduct violates the Eighth Amendment in the context of prison conditions, we ask whether "the officials involved acted with 'deliberate indifference' to the inmates' health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).  The Supreme Court has clarified that "the Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones."  *Id.* at 832 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).  We have previously held that the Eighth Amendment is violated when an inmate is subjected to "extreme deprivation of any 'minimal civilized measure of life's necessities,'" *Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004) (quoting *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998)), including "minimally safe housing," *Cotton v. Taylor*, 176 F.3d 479, *2 (5th Cir. 1999) (per curiam) (unpublished).

A review of our relevant decisions convinces us that Shannon has failed to plead facts that could establish that the leak in his cell, alone or in combination with other conditions, was sufficiently serious as to deprive him of "minimally safe housing."  *Cf., e.g.*, *id.* (conditions of confinement violated Eighth Amendment where plaintiffs testified that, due to leaking roofs, "there was so much water on the floor at times that the electrical receptacles would spark and smoke and that they feared electrocution"); *Little v. Keirsey*, 69 F.3d 536, at *1, 3 (5th Cir. 1995) (per curiam) (unpublished) (allegations that "the floor of his cell was constantly covered with water, urine, and human excrement from the overflowing toilet in his cell"; "the lack of windows and inadequate ventilation caused a stench from this mixture, which, in turn, inhibited him from eating and induced him to vomit"; and "his shoes were constantly soaked from this foul mixture and that he developed a body rash from the extreme heat in his cell" were "egregious enough to support a claim under" the Eighth Amendment); *Beck v. Lynaugh*, 842 F.2d 759, 760-61 (5th

3

No. 16-30464

Cir. 1988) (allegations that prison authorities failed to replace broken windows in segregation unit during winter, rain water collected on floor in puddles, and no blankets or coats were given to prisoners to cope with sub-freezing temperatures stated claim of cruel and unusual punishment). Although wholly intolerable conditions are not necessary to establish an Eighth Amendment violation, Shannon's allegation that a hole allowed rainwater to enter his cell and that on one occasion he slipped on the water and fell is plainly insufficient.

IV

For the forgoing reasons, the judgment of the district court is AFFIRMED.