# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11450
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2018

Lyle W. Cayce
Clerk

SEPTIMUS ANDERSON,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:17-CV-57

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Septimus Anderson, Texas prisoner # 1690473, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, challenging his prison disciplinary conviction, which resulted in the loss of 35 days of commissary, recreation, and phone privileges and a reduction in custody classification, as violative of due process. Following his disciplinary conviction,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11450

the Texas Parole Board rescinded its decision to award him conditional release to In Prison Therapeutic Community Treatment (IPTC), which, if completed successfully, would result in parole, and it imposed a one-year setoff for parole consideration. After denying habeas relief, the district court granted Anderson a certificate of appealability on the issue whether due process was implicated where a prisoner had been "approved for release to parole but a prison disciplinary proceeding punishment results in a withdrawal of the parole release which had previously been granted and extends the imprisonment for one year."

This court considers Anderson's due process violation allegations de novo. *Stewart v. Thigpen*, 730 F.2d 1002, 1007 n.3 (5th Cir. 1984). "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (citation omitted). The Due Process Clause of the Fourteenth Amendment protects persons against deprivations of life, liberty, or property. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); U.S. Const. amend. XIV, § 1.

As the district court determined, it is the well-settled law of this circuit that punishments such as those Anderson received, including the loss of commissary, recreation, and phone privileges and a reduction in line class do not implicate due process concerns. *See Malchi*, 211 F.3d at 958 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Anderson does not cite any authority for the proposition that the collateral consequences of punishments which themselves do not implicate a protected liberty interest nevertheless trigger due process concerns because they may affect the Parole Board's decision regarding previously authorized parole. Nevertheless, the

2

court need not reach the issue because, even assuming arguendo that a reduction in line status for a prisoner who has already been granted conditional IPTC release implicates a protected liberty interest akin to the loss of previously earned good-time credits for prisoners eligible for mandatory supervision, Anderson has never asserted that his disciplinary proceedings in fact failed to comply with procedural due process.[1]  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(8); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

Even had it been briefed, any argument that Anderson's prison disciplinary proceedings did not comport with due process is defeated by the record.  "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  In connection with a disciplinary hearing, a prisoner is entitled to: (1) written notice of the charges at least 24 hours prior to the proceedings, (2) an opportunity to present evidence, and (3) written findings in support of the ruling.  *Id.* at 554-56.  There also must be "some evidence" in the record to support the disciplinary decision.  *Richards v. Dretke*, 394 F.3d 291, 294 (5th Cir. 2004).

Here, the prison disciplinary and grievance records submitted confirm that Anderson received written notice of the disciplinary charge more than 24 hours prior to the hearing, that he was provided counsel substitute and the opportunity to present evidence and witnesses at the hearing, that he received a written statement of the reasons for the disciplinary hearing officer's finding of guilt, and that there was some evidence to support the disciplinary decision. Thus, Anderson received all the process he was due, and his habeas petition

---

[1] This court may affirm the district court's decision on any basis established by the record.  *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

alleging a due process violation was properly denied. *See Wolff*, 418 U.S. at 555-56.

Accordingly, the district court's judgment is AFFIRMED.