# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2022

Lyle W. Cayce
Clerk

No. 21-50188
Summary Calendar

Raymond E. Lumsden,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; Lance Correll; Assistant Warden FNU Akwitti; Captain S. Blakely; Nick Clayton; Captain A. Martinez; Major B. Smith; Jane Cockerham,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-113
USDC No. 6:20-CV-138

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50188

Raymond E. Lumsden, Texas prisoner # 2109472, filed 42 U.S.C. § 1983 complaints, which were consolidated by the district court, alleging that the defendants retaliated against him for filing grievances and lawsuits, violated his due process rights, and acted with deliberate indifference. On appeal, Lumsden challenges the summary judgment dismissal of his claims. He contends that there were factual disputes in the record that precluded dismissal, the facts showed that the defendants retaliated against him, he alleged a protected liberty interest in avoiding confinement on a more restrictive unit in the absence of any legitimate justification for a disciplinary conviction, the defendants acted with deliberate indifference to his complaints of retaliation and to the conditions of his confinement, and the defendants were not entitled to immunity.

We review the district court's summary judgment ruling de novo, using the same standard employed by the district court. *See Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013). For the following reasons, we affirm.

First, it is unavailing for Lumsden to challenge the dismissal of his retaliation claims. Contrary to his assertions, the summary judgment evidence does not show that, but for retaliatory motives, the challenged adverse acts would not have occurred. *See McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

Next, the summary judgment evidence does not show that Lumsden had a protected liberty interest, given the duration and nature of his confinement in disciplinary housing. *See Hernandez v. Velasquez*, 522 F.3d 556, 562-63 & n.10 (5th Cir. 2008). Finally, the summary judgment evidence does not show that the defendants acted with deliberate indifference to any retaliation or to the conditions of Lumsden's confinement in disciplinary housing. *See McDonald*, 132 F.3d at 231; *see also Herman v. Holiday*, 238 F.3d

No. 21-50188

660, 664 (5th Cir. 2001).  In light of the foregoing, we need not address the district court's immunity rulings.  *See Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (noting that this court may affirm on any basis supported by the record).

Accordingly, the judgment of the district court is AFFIRMED. Lumsden's motion for the appointment of counsel is DENIED.  *See Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).