# United States Court of Appeals for the Fifth Circuit

No. 21-30770
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 28, 2022

Lyle W. Cayce
Clerk

Kenny Adams,

*Plaintiff—Appellant*,

*versus*

Bruce Fuller; Pamela Hearns,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-cv-1110

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Kenny Adams, Louisiana inmate # 336245, sued multiple Louisiana state healthcare providers for violations of 42 U.S.C. § 1983 and Louisiana negligence law. The defendants sought summary judgment on the § 1983 claims and a motion for judgment on the pleadings on the state law claims.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

The district court granted both in favor of the defendants and dismissed the claims. Adams appeals both determinations. But he cannot prevail.

First, the dismissal of the § 1983 claims. We review the grant of summary judgment de novo. *Data Mktg. P'ship LP, v. U.S. Dep't of Lab.*, 45 F.4th 846, 853 (5th Cir. 2022). Summary judgment is warranted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Adams argues the healthcare providers were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. He claims he received inadequate treatment for a tumor in his ear, infected finger, colon and kidney conditions, high blood pressure, and dizziness. To bring a successful deliberate indifference claim, he must show "prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quotation omitted). This is "an extremely high standard." *Ibid.* (quotation omitted). He can't meet it.

For his ear problems, Adams primarily argues he should have received a bone anchored hearing aid implantation. But this amounts to a disagreement with his medical care, which is insufficient to support a claim of deliberate indifference. *See ibid.* And the medical records are replete with notes of sick calls, examinations, and diagnoses related to his ear, which further rebut his allegations of deliberate indifference. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

As to his finger infection, high blood pressure, and dizziness, he conceded that he received care. His disagreement with that treatment is insufficient to support a claim of deliberate indifference. *See Gobert*, 463 F.3d at 346. And his bare allegations, without additional support, do not create

cognizable § 1983 claims. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Finally, his "conclusory allegations" and "unsubstantiated assertions" of deliberate indifference by the providers in treating his kidney and colon conditions are also insufficient to create a dispute of material fact. *Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 860 (5th Cir. 2004); *see also Varnado*, 920 F.2d at 321.

In sum, the district court correctly concluded that Adams failed to produce a "genuine dispute as to any material fact" and the healthcare providers were "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Second, Adams argues that the district court erred in granting the healthcare providers' Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings and dismissing his state law claims upon finding the State of Louisiana was a necessary party to the litigation. But we need not reach this issue because the district court also recognized its authority under 28 U.S.C. § 1367 to exercise supplemental jurisdiction over state law claims and declined to do so. *See id.* § 1367(c); *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) ("[T]his court may affirm a judgment upon any basis supported by the record."). The district court has wide discretion to dismiss state law claims. *See* 28 U.S.C. § 1367(c); *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 246 (5th Cir. 2022). And Adams fails to show that the district court abused its discretion in dismissing these claims. Moreover, the district court dismissed these claims without prejudice, so Adams can refile in state court.

The judgment of the district court is AFFIRMED.