# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 19, 2012

Lyle W. Cayce
Clerk

No. 10-31004
Summary Calendar

DERRICK JEROME ALLEN,

Plaintiff-Appellant

v.

KENNETRIA JONES; TIMOTHY WILKINSON; CAPTAIN CHATMAN,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CV-1731

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Derrick Jerome Allen, Louisiana prisoner #295151, appeals the summary-judgment dismissal of his 42 U.S.C. § 1983 lawsuit against officials at the Winn Correctional Center (WCC), renewing his claims that he was disciplined on March 10, 2008, and subsequently transferred to the Louisiana State Penitentiary at Angola in retaliation for providing legal assistance to a fellow inmate, Peter Alfred, in another lawsuit against WCC. He has abandoned any challenge to the dismissal of his claims against Mona Heyse, Randy Olliff, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Corrections Corporation of America, as well as the dismissal of his due-process and free-exercise-of-religion claims, by failing to brief it. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Additionally, even if Allen's brief can be liberally construed as renewing his denial-of-access claim, the claim fails because he has neither asserted nor demonstrated that he has been prevented from pursuing a nonfrivolous legal claim as a result. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996).

Allen's retaliation claims were properly dismissed on summary judgment because the undisputed facts do not show the requisite retaliatory intent or that the complained-of events would not have occurred but for that retaliatory intent. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). With respect to the retaliatory-transfer claim, the summary-judgment evidence establishes that Allen was transferred to Angola after he was sentenced as a habitual offender to 55 years at hard labor on pending drug charges, which transfer was done in compliance with prisoner classification rules issued by the state precluding WCC from housing prisoners serving more than a 50-year term. Allen's conclusional assertion that Warden Wilkinson had him transferred to Angola as punishment for his assisting Alfred in a federal lawsuit is insufficient to carry his burden. *See Woods*, 60 F.3d at 1166.

The retaliatory-discipline claim fails in like manner. Allen's complaint is grounded on the fact that, days after he was permitted to assist Alfred in a lawsuit against WCC, he attempted to go to the law library but was stopped, written up for disobeying an order to go to church services, then placed in lockdown for four days. He contends that the appellees have concocted an after-the-fact explanation for their actions, i.e. a violation of the prison's inmate-movement-control policy, when a different explanation was offered at the time, i.e. that he was prohibited from going to the law library for security reasons because it was full. Allen argues that the defendants lied about the reason he

was disciplined and that the subsequent dismissal of the disciplinary case proves that fact.

Allen's personal belief that he was targeted for disciplinary action as a result of the order granting him inmate-counsel status is insufficient. *See Woods*, 60 F.3d at 1166. Allen has neither alleged nor demonstrated that Officer Jones was personally aware of the assistance he was providing Alfred, was personally involved in any of the relevant litigation, engaged in any pattern of harassment directed at him, or otherwise subjected him to discipline because of any personal animus. To the contrary, there is no dispute that Allen left his cell during church call out in an attempt to go to the law library, that Officer Jones disciplined him pursuant to prison policy for controlling inmate movement when he refused to go to the church service for which he was called out, and that she treated all inmates who departed their cells for church call out in the same manner.

The reason cited by Officer Jones in the offense report, that the law library was already full, is not necessarily inconsistent with the explanation offered in her subsequent affidavit, that he had violated inmate-control policy by leaving his cell during church call out, then refusing to go to services. In any event, the reasons offered, even if they differ, do not establish any retaliatory motive on Officer Jones's part. Taken separately or together, the reasons offered show that Officer Jones acted pursuant to prison security concerns; neither reason supports Allen's allegation that Officer Jones disciplined him and placed him in lockdown in retaliation for his providing legal assistance to Alfred. Similarly, although the disciplinary charge was dismissed, it does not necessarily follow that Allen was the victim of retaliation, particularly in light of the undisputed evidence that Officer Jones treated all inmates who left their cell for church call out in an attempt to go to other areas of the prison in the same manner, offering them the option of attending the service for which they were called out or receive a disciplinary case. Because the facts in the record do not show any retaliatory

motive on Officer Jones' part or a chronology of events from which retaliation can reasonably be inferred, the retaliatory-discipline claim was properly dismissed. *See Woods*, 60 F.3d at 1166.

Allen's argument that the district court erred in granting the defendants' summary judgment motion because it was untimely is without merit. His additional contention that the magistrate and district court judges should have recused themselves because they had a personal interest in his lawsuit as he intended to call them as witnesses and/or add them as defendants is wholly conclusional and factually frivolous.

The district court's judgment is AFFIRMED. Allen's motion to supplement his reply brief is GRANTED. Allen's motions to remand and to strike the appellees' brief are DENIED.