**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 13, 2012

Lyle W. Cayce
Clerk

No. 11-40810

ROBERT TROY MCCLURE,

Plaintiff-Appellant

v.

OFFICER J. TURNER, Individually and Official Capacity; LESLIE PICKENS,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:10-CV-235

Before JOLLY, HIGGINBOTHAM, and DENNIS, Circuit Judges.

PER CURIAM:[*]

A Texas prisoner, proceeding pro se, filed suit against a prison officer and nurse, alleging various constitutional deprivations. The district court dismissed the suit with prejudice. We affirm.

**I.**

On December 15, 2010, Texas prisoner Robert Troy McClure, proceeding pro se, filed a 42 U.S.C. § 1983 complaint against Telford Unit Correctional Officer Jacob Turner and Nurse Leslie Pickens. McClure alleged that on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

December 30, 2009, in retaliation for his writing a grievance against Correctional Officer Lyons and getting Lyons demoted, Turner searched his cell and stole his shower shoes, asthma inhalers, heartburn medicine, and wash cloth and threw them away, in violation of the First, Eighth, and Fourteenth Amendments. McClure also alleged that on January 15, 2010, in violation of the Fourth Amendment, Pickens searched his cell to "cover up" for Turner and removed some inhalers. McClure sought a letter of apology, an order that the Texas Department of Criminal Justice replace his property, and $3,500 in punitive damages.

Pickens filed an answer and moved for summary judgment. McClure then sought leave to file an amended complaint, reasserting the same claims against Turner, but abandoning his Fourth Amendment claim against Pickens and, instead, alleging that Pickens caused mental anguish by searching his cell and taking his medication, in violation of the Eighth and Fourteenth Amendments. He also sought to revise the requested relief to include a letter of apology, a protective custody transfer, and $2,000 in damages. Pickens opposed the amendment as too late and prejudicial.

The magistrate judge (MJ) recommended that McClure's claims be dismissed for many reasons, including McClure's untimely service of Turner and the lack of merit to all of the claims, even those asserted in the proposed amended complaint. McClure objected, conceding that he did not have a Fourth Amendment claim against Pickens but arguing that: (1) he had timely served Texas's Attorney General as Turner's representative, which constituted proper service under FED. R. CIV. P. 4(m), (2) he had properly filed an amended complaint raising claims against Pickens on Eighth and Fourteenth Amendment grounds, (3) he had an actionable due process claim for the deprivation of his property, (4) he had demonstrated a causal connection for Turner's retaliation based on the grievance against Lyons, (5) 42 U.S.C. § 1997e(e)'s physical injury

No. 11-40810

requirement does not bar claims for punitive and nominal damages for mental anguish, and (6) he had stated a valid Eighth Amendment claim.

The district court conducted a de novo review, determined that McClure's objections lacked merit, and adopted the MJ's report and recommendations. The court dismissed the claims against Pickens pursuant to FED. R. CIV. P. 56 and 28 U.S.C. § 1915A(b)(1), and dismissed the claims against Turner pursuant to Rule 4(m) and § 1915A(b)(1). The district court denied all pending motions and dismissed the complaint with prejudice.

McClure filed a timely notice of appeal. His arguments on appeal mirror the objections he made to the MJ's recommendations, and we take them in turn.

## II.

McClure contends that the district court erred by dismissing his claims against Turner under Rule 4(m) for failure to effect timely service. Construed liberally,[1] his argument is that he timely served the Attorney General of Texas and that the Attorney General was the proper representative for service on Turner.

Because we will affirm the dismissal of McClure's claims against Turner on other grounds, we decline to address this argument.[2] Notably, the district court's dismissal of the Turner claims did not rely exclusively on Rule 4(m). Indeed, the dismissal was with prejudice, which is a judgment beyond that countenanced by Rule 4(m).[3] The dismissal spoke to the merits, as will we.

## III.

---

[1] *See Yang v. Holder*, 664 F.3d 580, 589 (5th Cir. 2011) ("[W]e 'liberally construe briefs of *pro se* litigants.'" (quoting *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam))).

[2] *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

[3] FED. R. CIV. P. 4(m) (providing for dismissal without prejudice); *see also Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 626 (5th Cir. 1997) ("The dismissal with prejudice can never be based on Rule 4(m)'s 120 day requirement.").

McClure contends that the district court erred in dismissing his complaint without ruling on his motion to amend his complaint, thereby not allowing him to adjust his prayer for relief and to replace his Fourth Amendment claim against Pickens with claims under the Eighth and Fourteenth Amendments. To be clear, the district court ruled on McClure's motion to amend when it "[o]rdered that all motions not previously ruled on are denied."

We review a district court's denial of leave to amend a complaint under an abuse of discretion standard.[4] "A party may amend its pleading once as a matter of course within:  (A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading. . . ."[5] "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."[6]

An answer to a complaint is a responsive pleading.[7]  Pickens served McClure with an answer to his complaint on February 22, 2011.[8]  McClure's motion to amend is dated May 9, 2011, far outside the 21-day period for amending his complaint as a matter of course.  Thus, he needed either Pickens's consent, which she did not give, or the court's leave to amend.

A district court "should freely give leave when justice so requires."[9] However, leave to amend "is 'by no means automatic.'"[10] "Among the permissible

---

[4] *See Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009).

[5] FED. R. CIV. P. 15(a)(1).

[6] FED. R. CIV. P. 15(a)(2).

[7] *See* FED. R. CIV. P. 7(a)(2); *see also Barksdale v. King*, 699 F.2d 744, 747 (5th Cir. 1983) (per curiam).

[8] Because McClure did not amend his claims as to Turner, just the relief sought, and because we will affirm the dismissal of those claims, we need not address whether the district court erred in denying the amendment of relief with respect to the Turner claims.

[9] FED. R. CIV. P. 15(a)(2).

[10] *Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)).

No. 11-40810

bases for denial of a motion to amend are 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'"[11]

McClure did not attempt to amend his complaint until after he learned from Pickens's summary judgment motion that his Fourth Amendment claim would fail. He then asserted that, after further review, he thought that the Eighth and Fourteenth Amendment claims would be "better in the eyes of the law." McClure made no showing that justice required that he be allowed to amend. Moreover, the MJ actually addressed the claims that McClure sought to add and recommended that they be dismissed as frivolous. That recommendation accents the amendment's futility. The district court did not abuse its discretion in denying McClure leave to amend.

## IV.

McClure argues that Pickens and Turner's unauthorized taking and destroying of his inhalers and shower shoes deprived him of his property without due process.[12] Construed liberally, his argument challenges the district court's dismissal of his deprivation-of-property due process claims pursuant to the *Parratt/Hudson* doctrine.[13]

This court reviews de novo the dismissal of a claim pursuant to 28 U.S.C. § 1915A.[14] Under § 1915A(b)(1), as soon possible after the docketing of a

---

[11] *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 391 (5th Cir. 2005) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[12] Although the district court denied McClure's motion to amend his complaint to add a due process claim against Pickens, the MJ construed McClure's Fourth Amendment claim against Pickens as a due process claim and addressed it. For completeness if nothing else, we will do the same.

[13] *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).

[14] *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam).

prisoner's suit against a governmental officer or employee, the district court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted."  A complaint is frivolous if it lacks an arguable basis in law or fact.[15]  "'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"[16]

Under the *Parratt/Hudson* doctrine, "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the state fails to provide an adequate postdeprivation remedy."[17]  This Court has recognized that Texas's tort of conversion provides an adequate state postdeprivation remedy for prisoners who claim procedural due process violations based on deprivation of their property.[18]  Even if we assume that the alleged seizures and destruction of McClure's property were random, unauthorized acts, McClure does not meet his burden of showing why we should now revisit our prior ruling.[19]  McClure's only basis for arguing that Texas's postdeprivation remedy is inadequate is his allegation that the Telford Unit refuses to assist inmates with filing state tort suits, fails to provide legal assistance, and does not stock books regarding such suits in the library.  Even if true, these alleged conditions in no way prevent McClure from filing a

---

[15] *See id.*

[16] *Id.* (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)).

[17] *Zinermon v. Burch*, 494 U.S. 113, 115 (1990).

[18] See *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1984); *see also* TEX. GOV'T CODE ANN. art. 501.007 (providing up to $500 to remedy a Texas inmate's claim of lost or damaged property).

[19] *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam) ("The burden is on the complainant to show that the state's postdeprivation remedy is not adequate.").

conversion suit. Nothing in McClure's filings calls into question the adequacy of the Texas state court remedy. It follows that the alleged removal and destruction of McClure's property did not give rise to a § 1983 due process claim. Accordingly, this claim lacked an arguable basis in law, and the district court did not err in dismissing it as frivolous.

## V.

McClure next asserts that Turner's taking and destroying his property was retaliation for his filing a grievance against Lyons. Construed liberally, his argument challenges the district court's dismissal of his First Amendment retaliation claim against Turner, which we review de novo.[20]

"To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred."[21] This is a "significant burden" that requires the production of "direct evidence of motivation or, the more probable scenario, . . . 'a chronology of events from which retaliation may plausibly be inferred.'"[22] "Mere conclusory allegations of retaliation" are insufficient.[23]

In the district court, McClure alleged that Turner searched his cell and stole his property in retaliation for his writing a grievance against Lyons and getting Lyons demoted more than two weeks earlier. Aside from one incident preceding the other, we find no support for McClure's retaliation allegation. The two-point chronology does not emit a plausible inference of retaliation. We therefore agree with the district court that the retaliation allegation is "conclusory and [that] no causal connection can be inferred between the incident

---

[20] *See Geiger*, 404 F.3d at 373.

[21] *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

[22] *Id.* (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).

[23] *Id.*

involving Lyons and the subsequent incident involving Turner." The district court did not err in dismissing the retaliation claim pursuant to § 1915A(b)(1).

## VI.

McClure next argues that the district court erred in determining that his claim for monetary damages was barred by 42 U.S.C. § 1997e(e). This argument is misguided because the district court did not dismiss any of McClure's claims pursuant to § 1997e(e). The only claim implicating § 1997e(e) was in McClure's proposed amended complaint. As we determined in Part III, the district court properly denied McClure leave to amend his original complaint to add that claim. The argument is baseless.

## VII.

Finally, McClure argues that he had a valid Eighth Amendment claim based on Turner's alleged actions,[24] which he says caused him fear and trauma. Presumably his argument is that the district court erroneously dismissed his Eighth Amendment Claim. But McClure failed to state such a claim in his complaint. A prison official violates the Eighth Amendment only when (1) the "prison official's act or omission . . . result[s] in the denial of 'the minimal civilized measure of life's necessities,'" and (2) the prison official's "state of mind is one of 'deliberate indifference' to inmate health or safety."[25] A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[26] McClure's allegations fall far short of this

---

[24] The district court properly denied McClure's attempt to add an Eighth Amendment claim against Pickens, *see supra* Part III, so we will not address McClure's Eighth Amendment argument with respect to her.

[25] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

[26] *Id.* at 837.

standard, to the extent they get off the ground at all.  We again find no error in the district court's decision to dismiss McClure's complaint with prejudice.

## VIII.

The judgment of the district court is AFFIRMED.