UNITED STATES DISTRICT COURT 
 EASTERN DISTRICT OF LOUISIANA 
MATTHEW CALEB SAWYER CIVIL ACTION 
VERSUS NO. 21-482 
KECIA CHARLES, ET AL. SECTION “O” 

 ORDER AND REASONS 

 Before the Court is the motion1 of Defendant Warden Alvin Robinson for 
summary judgment dismissing pro se Plaintiff Matthew Caleb Sawyer’s 42 U.S.C. 
§ 1983 retaliation claim—the only claim left in this lawsuit. Sawyer submits that 
Warden Robinson failed to stop a third party from transferring Sawyer to another 

prison in retaliation for Sawyer’s prison-grievance filing. But in response to Warden 
Robinson’s properly supported summary-judgment motion, Sawyer failed to present 
evidence from which a reasonable jury could infer the existence of the retaliatory-
intent, causation, and retaliatory-adverse-act elements of Sawyer’s Section 1983 
retaliation claim. Sawyer has therefore failed to show a genuine dispute of material 
fact on at least three independent grounds. For these independent reasons and for 
those that follow, Warden Robinson’s motion for summary judgment is GRANTED. 

 1 ECF No. 72. 
I. BACKGROUND 
 This is a prisoner-civil-rights suit. It arises from prisoner Matthew Caleb 
Sawyer’s claim that Nelson Coleman Correctional Center Warden Alvin Robinson 

unlawfully retaliated against Sawyer when Warden Robinson failed to stop a third 
party—the Louisiana Department of Public Safety and Corrections—from 
transferring Sawyer to a prison supposedly ill-suited to treat Sawyer’s medical needs. 
 Sawyer is a prisoner in the custody of the Louisiana Department of Public 
Safety and Corrections.2 He was housed at Nelson Coleman Correctional Center 
under the supervision of Warden Robinson until February 2021.3 While there, Sawyer 

submitted a November 2020 grievance complaining that prison medical staff failed to 
tell him that he had tested positive for Hepatitis C several years earlier.4 He appealed 
the prison’s first and second responses to that grievance in early January 2021.5 
 Before Sawyer’s grievance was resolved, however, the Louisiana Department 
of Public Safety and Corrections issued a January 29 notice listing Sawyer among the 
21 prisoners the Department would be transferring to another prison—a minimum-
security facility known as “LA Workforce”—on February 2.6 Warden Robinson did not 

read that notice and thus did not know the Department would be transferring Sawyer 
(or any other Nelson Coleman prisoner) to LA Workforce on February 2.7 

 2 ECF No. 72-5 at ¶ 1. 
 3 Id. at ¶ 2. 
 4 ECF No. 22-18 at 1. 
 5 Id. at 2. 
 6 ECF No. 22-14 at 1. 
 7 ECF No. 72-2 at 4 (responses to interrogatories 1 & 2) 
 Sawyer’s transfer went as scheduled on February 2. Before that transfer, 
Sawyer never spoke to Warden Robinson.8 The only apparent interaction between the 
two men came in February 1 correspondence about Sawyer’s grievance; Warden 

Robinson wrote Sawyer that “[y]our grievance will be submitted to Medical for a 
follow-up review of your request,” and Sawyer acknowledged the message.9 Although 
Warden Robinson’s February 1 message appears towards the end of a message chain 
that includes Sawyer’s original November 2020 grievance,10 Warden Robinson did not 
know about Sawyer’s medical condition because Warden Robinson “does not 
individually review HIPPA protected information of inmates.”11 

 Displeased with both the transfer and the medical care he received at Nelson 
Coleman, Sawyer sued Warden Robinson and others under Section 1983.12 After 
various preliminaries, another section of this Court dismissed under Rule 12(b)(6) all 
but one of Sawyer’s claims, leaving only a Section 1983 retaliation claim against 
Warden Robinson.13 The thrust of this claim is that Warden Robinson allegedly failed 
to stop the Louisiana Department of Public Safety and Corrections from transferring 
Sawyer to LA Workforce in retaliation for Sawyer’s grievance filing.14 By Sawyer’s 

lights, that transfer to LA Workforce amounts to retaliation because LA Workforce is 
a “minimal facility” that “was unable to provide for [Sawyer’s] health concerns.”15 

 8 ECF No. 72-4 at 2 (response to request for admission 4). 
 9 ECF No. 22-18 at 3. 
 10 Id. at 1–2 (original grievance) & 3 (Warden Robinson’s message). 
 11 ECF No. 72-2 at 7 (answer to interrogatory 8). 
 12 ECF Nos. 3 (original complaint) & 32 (amended complaint). 
 13 ECF No. 54 at 26–27. 
 14 ECF No. 32 at 15–17 ¶¶ 14–21. 
 15 Id. at 15 ¶ 14. 
 Now, Warden Robinson moves for summary judgment dismissing Sawyer’s 
Section 1983 retaliation claim.16 Sawyer failed to file a timely response.17 Warden 
Robinson’s motion was noticed for submission on January 26, 2024. ECF No. 72. 

Sawyer’s response was due on January 16. See LOCAL CIVIL RULE 7.5. When 
Sawyer failed to file a response by then, the Court granted him more time—until 
February 16—to respond.18 In its order, the Court specifically “caution[ed] [Sawyer] 
that, if he fails to file an opposition by February 16, he will forfeit his right to have 
the Court consider any arguments he may wish to raise in opposition to the motion.”19 
 Sawyer failed to file an opposition by his extended deadline of February 16, 

and his “pro se status d[oes] not excuse him from following the local rules.” Thorn v. 
RaceTrac Petroleum, Inc., No. 21-30492, 2022 WL 965095, at *1 (5th Cir. Mar. 30, 
2022) (per curiam) (citing Hulsey v. Tex., 929 F.2d 168, 171 (5th Cir. 1991)). Although 
the Court may not grant Warden Robinson’s motion “simply because there is no 
opposition,” Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 

 16 ECF No. 72. 
 17 It was incumbent upon Sawyer to notify the Court of a change of address. See LOCAL CIVIL 
RULE 41.3.1 (empowering the Court to dismiss an action for failure to prosecute if a pro se litigant 
fails to timely notify the Court of a change of address); LOCAL CIVIL RULE 11.1 (explaining that 
“[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any 
address or telephone number change”). Sawyer last notified the Court that his address changed in 
April 2023, when he was transferred to the Morehouse Parish Detention Center. ECF No. 68 at 1. In 
early February 2024, however, two docket entries mailed to Sawyer’s last reported address—an order 
cancelling a status conference, ECF No. 74, and a docket-entry-correction notice, ECF No. 73—were 
returned to the Clerk’s Office as “undeliverable.” See ECF Nos. 75 & 77. After those mailings were 
returned, the Clerk’s Office undertook its own research to try to determine Sawyer’s current address; 
it concluded that Sawyer might now be housed at Avoyelles Correctional Center. Accordingly, in an 
abundance of caution, the Clerk’s Office re-mailed both the motion for summary judgment—which has 
not been returned as undeliverable—and the order extending Sawyer’s response deadline to Sawyer 
at Avoyelles Correctional Center. Sawyer nonetheless failed to file a summary-judgment response. 
 18 ECF No. 76 at 1. 
 19 Id. 
1277, 1279 (5th Cir. 1985), the Court may “accept[] as undisputed the facts so listed 
in support of the motion,” Eversley v. MBank Dall., 843 F.2d 172, 173–74 (5th Cir. 
1988); accord White v. Coffield Med. Staff, No. 21-40211, 2022 WL 1056103, at *2 (5th 

Cir. Apr. 8, 2022) (per curiam) (“Where, as here, a plaintiff does not file an opposition 
to a defendant’s motion for summary judgment, a district court may properly take the 
facts put forward by defendant in support of his motion for summary judgment to be 
undisputed.”); see also FED. R. CIV. P. 56(e)(3) (“If a party . . . fails to properly 
address another party’s assertion of fact as required by Rule 56(c), the court may . . . 
grant summary judgment if the motion and supporting materials—including the facts 

considered undisputed—show that the movant is entitled to it”). 
 Accordingly, because Sawyer failed to file a timely response, the Court (1) 
“accept[s] as undisputed the facts so listed in support of [Warden Robinson’s] motion 
for summary judgment,” Eversley, 843 F.2d at 174, and (2) asks whether Warden 
Robinson’s undisputed facts establish his entitlement to summary judgment. 
II. LEGAL STANDARD20 
 Summary judgment is appropriate “if the movant shows that there is no 

genuine dispute of material fact and the movant is entitled to judgment as a matter 
of law.” FED. R. CIV. P. 56(a). “A dispute is genuine if ‘the evidence is such that a 
reasonable jury could return a verdict for the nonmoving party.’” Perry v. VHS San 

 20 “A good-faith assertion of qualified immunity alters the usual summary judgment burden of 
proof, shifting it to the plaintiff to show that the defense is not available.” Scott v. City of Mandeville, 
69 F.4th 249, 255 (5th Cir. 2023) (quotation omitted). Because Warden Robinson has not asserted 
qualified immunity anywhere in his summary-judgment motion or his summary-judgment briefing, 
ECF Nos. 72–72-6, the Court applies “the usual summary judgment burden of proof.” Id. 
Antonio Partners, L.L.C., 990 F.3d 918, 926 (5th Cir. 2021) (quoting Anderson v. 
Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). “A fact is material if it ‘might affect the 
outcome of the suit.’” Id. (quoting Anderson, 477 U.S. at 248). 

 “In reviewing the record, ‘the [C]ourt must draw all reasonable inferences in 
favor of the nonmoving party, and it may not make credibility determinations or 
weigh the evidence.’” Vote.Org v. Callanen, 89 F.4th 459, 469 (5th Cir. 2023) (quoting 
Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)). The Court 
“resolve[s] factual controversies in favor of the nonmoving party, but only where there 
is an actual controversy, that is, when both parties have submitted evidence of 

contradictory facts.” Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013) 
(quoting Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005)). 
 “[W]here the nonmovant bears the burden of proof at trial,” as Sawyer does 
here, “the movant may merely point to an absence of evidence, thus shifting to the 
non-movant the burden of demonstrating by competent summary judgment proof 
that there is an issue of material fact warranting trial.” In re La. Crawfish Producers, 
852 F.3d 456, 462 (5th Cir. 2017) (quoting Lindsey v. Sears Roebuck & Co., 16 F.3d 

616, 618 (5th Cir. 1994)) (internal quotation marks omitted). “If the evidence is 
merely colorable, or is not significantly probative, summary judgment is appropriate.” 
Guillot ex rel T.A.G. v. Russell, 59 F.4th 743, 750 (5th Cir. 2023) (quoting Cutting 
Underwater Techs. USA, Inc. v. Eni U.S. Operating Co., 671 F.3d 512, 517 (5th Cir. 
2012)) (internal quotation marks omitted). 
 “There can be no genuine dispute as to a material fact where a party fails ‘to 
make a showing sufficient to establish the existence of an element essential to that 
party’s case, and on which that party will bear the burden of proof at trial.’” Id. 

(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). “[A] complete failure of 
proof concerning an essential element of the nonmoving party’s case necessarily 
renders all other facts immaterial.” Id. (quoting Celotex, 477 U.S. at 322) (internal 
quotation marks omitted). 
 “Speculative theories cannot defeat a motion for summary judgment.” Id. 
(citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per 

curiam)). Nor can the nonmovant “defeat summary judgment with ‘conclus[ory] 
allegations, unsupported assertions, or presentation of only a scintilla of evidence.’” 
Flowers v. Wal-Mart Inc., 79 F.4th 449, 452 (5th Cir. 2023) (quoting McFaul v. 
Valenzuela, 684 F.3d 564, 571 (5th Cir. 2012)). “Instead, the nonmovant must go 
beyond the pleadings and designate specific facts that prove that a genuine issue of 
material fact exists.” Id. (citing Little, 73 F.3d at 1075). The Court “is free to grant 
summary judgment on the basis of any facts shown by competent evidence in the 

record.” Liberty Mut. Fire Ins. Co. v. Copart of Conn., Inc., 75 F.4th 522, 533 (5th Cir. 
2023) (quoting United States v. Hous. Pipeline Co., 37 F.3d 224, 227 (5th Cir. 1994)) 
(internal quotation marks omitted). 
III. ANALYSIS 
 Warden Robinson contends that he is entitled to summary judgment 
dismissing Sawyer’s Section 1983 retaliation claim because Sawyer lacks competent 

summary-judgment evidence to support at least three elements of the claim. The 
Court agrees. Warden Robinson carried his initial summary-judgment burden by 
“point[ing] to an absence of evidence” supporting Sawyer’s retaliation claim; the 
burden thus shifted to Sawyer to “show by competent summary-judgment proof that 
there is an issue of material fact warranting trial.” In re La. Crawfish Producers, 852 
F.3d at 462. Sawyer failed to carry that burden because he failed to present evidence 

from which a reasonable jury could infer the intent, causation, and retaliatory-
adverse-act elements of Sawyer’s Section 1983 retaliation claim. Warden Robinson is 
therefore entitled to summary judgment on at least three independent grounds. 
 “‘Prison officials may not retaliate against prisoners for exercising their 
constitutional rights,’ including their ‘First Amendment right to file grievances.’” 
Petzold v. Rostollan, 946 F.3d 242, 252 (5th Cir. 2019) (quoting Butts v. Martin, 877 
F.3d 571, 578 (5th Cir. 2017)). “But to succeed on a retaliation claim, the prisoner 

must overcome a ‘significant burden.’” Id. (quoting Woods v. Smith, 60 F.3d 1161, 
1166 (5th Cir. 1995)). “Mere conclusionary allegations of retaliation will not 
withstand a summary judgment challenge.” Woods, 60 F.3d at 1166. A prisoner must 
“prove that (1) he or she exercised a constitutional right to which (2) the official 
intended to retaliate against, and (3) the prisoner’s constitutional exercise caused (4) 
the official to commit a retaliatory act that was more than de minimis.” Petzold, 946 
F.3d at 252 (citing Butts, 877 F.3d at 588). The Court takes each element in turn. 
 A. Element One—Exercise of a Constitutional Right 

 The first element of Sawyer’s Section 1983 retaliation claim is met. That 
element requires only that Sawyer “exercised a constitutional right.” Id. He did. A 
prisoner like Sawyer has a First Amendment right to file a grievance. See Brown v. 
Taylor, 911 F.3d 235, 246 (5th Cir. 2018). And Sawyer “undeniably exercised his First 
Amendment right to file grievances,” Petzold, 946 F.3d at 252, when Sawyer 
submitted the November 2020 grievance complaining that prison medical staff had 

failed to tell him that he had tested positive for Hepatitis C several years earlier.21 
 B. Element Two—Retaliatory Intent 
 Sawyer failed, however, to present evidence sufficient to support the 
retaliatory-intent element of his Section 1983 retaliation claim. To satisfy that second 
element on summary judgment here, Sawyer had to present evidence that, viewed in 
Sawyer’s favor, would allow a reasonable jury to find that Warden Robinson intended 
to retaliate against Sawyer for Sawyer’s exercise of his First Amendment right to file 

a grievance. See Alexander v. Tex. Dep’t of Crim. Just., 951 F.3d 236, 241 (5th Cir. 
2020) (per curiam). To do that, Sawyer “‘must produce direct evidence of motivation’ 
or ‘allege a chronology of events from which retaliation may plausibly be inferred.’” 
DeMarco v. Davis, 914 F.3d 383, 388 (5th Cir. 2019) (quoting Woods, 60 F.3d at 1166). 

 21 ECF No. 22-18 at 1. 
 Sawyer did neither. First, the undisputed summary-judgment record reveals 
no direct evidence of retaliatory intent. Specifically, there is no direct evidence in this 
undisputed summary-judgment record that would allow a reasonable jury to find that 

Warden Robinson failed to stop Sawyer’s transfer from Nelson Coleman to LA 
Workforce in retaliation for Sawyer’s grievance filing. The undisputed summary-
judgment record instead refutes any such finding: Warden Robinson did not even 
know that the Louisiana Department of Public Safety and Corrections had selected 
Sawyer (or any other Nelson Coleman prisoner) for transfer to LA Workforce on 
February 2.22 Nor did Warden Robinson know about Sawyer’s medical condition that 

(Sawyer says) made the transfer inappropriate for him and thus retaliatory.23 
 Second, and similarly, Sawyer failed to present a chronology of events from 
which a reasonable jury could infer that Warden Robinson intended to retaliate 
against him for his grievance filing. Viewing the chronology of relevant events in 
Sawyer’s favor, (1) Sawyer filed a November 2020 grievance complaining about an 
unidentified member of Nelson Coleman medical staff’s alleged failure to tell him that 
he had tested positive for Hepatitis C test several years earlier; and (2) without 

Warden Robinson’s knowledge, the Louisiana Department of Public Safety and 
Corrections—not Warden Robinson nor anyone affiliated with Nelson Coleman—
transferred Sawyer to LA Workforce in early February 2021. The only apparent 
support for Sawyer’s claim of retaliatory intent is that Warden Robinson failed to stop 
a third-party-initiated transfer that took place a few months after Sawyer filed his 

 22 ECF No. 72-2 at 4 (response to interrogatory 1) & 4–5 (response to interrogatory 2). 
 23 Id. at 7 (response to interrogatory 8). 
grievance. But that “two-point chronology” does not allow a reasonable inference of 
retaliation. McClure v. Turner, 481 F. App’x 167, 172 (5th Cir. 2012) (per curiam). 
 Ultimately, the “conclusional assertion” that Warden Robinson retaliated 

against Sawyer by failing to stop a Louisiana Department of Public Safety and 
Corrections-initiated transfer Warden Robinson did not know about to worsen a 
medical condition Warden Robinson also did not know about “is insufficient to carry 
[Sawyer’s] burden.” Allen v. Jones, 458 F. App’x 408, 410 (5th Cir. 2012) (per curiam) 
(citing Woods, 60 F.3d at 1166); see also id. at 409–10 (affirming summary judgment 
dismissing retaliatory-transfer claim because prisoner offered only the “conclusional 

assertion” that warden transferred him as retaliation for filing a lawsuit). 
 Accordingly, because Sawyer has failed “to make a showing sufficient to 
establish the existence” of the retaliatory-intent element of his Section 1983 
retaliation claim—“an element essential to [Sawyer’s] case[] and on which [Sawyer] 
will bear the burden of proof at trial”—there is no genuine dispute as to any material 
fact. Guillot ex rel T.A.G., 59 F.4th at 750 (quoting Celotex, 477 U.S. at 322). Warden 
Robinson is therefore entitled to summary judgment on this ground alone. See id. 

 C. Element Three—Causation 
 Even if Sawyer had presented evidence sufficient to satisfy the retaliatory-
intent element of his claim, however, Warden Robinson would still be entitled to 
summary judgment because Sawyer failed to establish the causation element. 
 Causation in this context “requires a showing that ‘but for the retaliatory 
motive[,] the complained of incident . . . would not have occurred.” DeMarco, 914 F.3d 
at 388 (quoting McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998)). To satisfy 
that standard on summary judgment here, Sawyer had to present evidence from 
which a reasonable jury could infer that Warden Robinson would have stopped 

Sawyer’s transfer from Nelson Coleman to LA Workforce but for Warden Robinson’s 
desire to retaliate against Sawyer for Sawyer’s prison-grievance filing. See id. 
 Sawyer presented no such evidence. There is no evidence in the summary-
judgment record that would allow a reasonable jury to infer that Warden Robinson 
could have stopped Sawyer’s transfer—a transfer the undisputed summary-judgment 
record reflects that (1) the Louisiana Department of Public Safety and Corrections 

initiated,24 and (2) Warden Robinson did not even know about.25 Nor is there any 
evidence in the summary-judgment record that would allow a reasonable jury to find 
that, even if Warden Robinson could have stopped Sawyer’s transfer, Warden 
Robinson would have stopped the transfer but for his alleged retaliatory motive. 
 Accordingly, because Sawyer failed “to make a showing sufficient to establish 
the existence” of the causation element, there is no genuine dispute as to any material 
fact. Guillot ex rel T.A.G., 59 F.4th at 750 (quoting Celotex, 477 U.S. at 322). Warden 

Robinson is entitled to summary judgment on this independent ground. See id. 

 24 ECF No. 72-5 at ¶ 2. 
 25 ECF No. 72-2 at 4 (response to interrogatory 1) & 4–5 (response to interrogatory 2). 
 D. Element Four—Retaliatory Adverse Act 
 Even if Sawyer had presented evidence sufficient to establish the retaliatory-
intent and causation elements, however, Warden Robinson would still be entitled to 

summary judgment because Sawyer failed to establish a retaliatory adverse act. 
 The retaliatory-adverse-act element of a Section 1983 retaliation claim 
requires the plaintiff to show that the defendant “commit[ed] a retaliatory act” 
against him “that was more than de minimis.” Petzold, 946 F.3d at 252 (citing Butts, 
877 F.3d at 588). To satisfy this element on summary judgment here, Sawyer had to 
present evidence from which a reasonable jury could infer that Warden Robinson 

committed a retaliatory act against Sawyer that was more than de minimis. 
 Sawyer presented no such evidence. There is no evidence in the summary-
judgment record that would allow a reasonable jury to infer that Warden Robinson 
took any action against Sawyer that could properly be characterized as retaliatory. It 
is undisputed that Warden Robinson did not initiate Sawyer’s transfer from Nelson 
Coleman to LA Workforce; the Louisiana Department of Public Safety and 
Corrections did.26 True, Sawyer speculates that Warden Robinson failed to intervene 

in that Department-initiated transfer in retaliation for Sawyer’s grievance filing. But 
the undisputed summary-judgment record refutes the notion that this supposed 
failure to intervene could itself constitute a retaliatory adverse act. After all, Warden 
Robinson did not even know that the Louisiana Department of Public Safety and 
Corrections had selected Sawyer (or any other Nelson Coleman prisoner) for transfer 

 26 ECF No. 72-5 at ¶ 2. 
to LA Workforce on February 2.27 Nor did Warden Robinson know about Sawyer’s 
medical condition that (Sawyer says) made the transfer inappropriate for him.%8 
 Accordingly, because Sawyer failed “to make a showing sufficient to establish 
the existence” of the retaliatory-adverse-act element of his Section 1983 retaliation 
claim, there is no genuine dispute as to any material fact. Guillot ex rel T.A.G., 59 
F.4th at 750 (quoting Celotex, 477 U.S. at 322). Warden Robinson is therefore entitled 
to summary judgment on this third independent ground. See id. 
IV. CONCLUSION 
 Accordingly, 
 IT IS ORDERED that Warden Robinson’s motion for summary judgment 
dismissing Sawyer’s Section 1983 retaliation claim is GRANTED. Sawyer’s Section 
1983 retaliation claim against Warden Robinson is dismissed with prejudice. 
Because this order and reasons results in the denial of all relief to Sawyer, a final 
judgment will follow in accordance with Federal Rule of Civil Procedure 58. 

 New Orleans, Louisiana, this 1st day of March, 2024. 
 HS ls Sk 
 BRANDON S. LONG 
 UNITED STATES DISTRICT JUDGE 

 27 ECF No. 72-2 at 4 (response to interrogatory 1) & 4—5 (response to interrogatory 2). 
 28 Id. at 7 (response to interrogatory 8). 
 14